## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| OAKLAND BENTA, | ) CIVIL NO.: 2013/ |
| | ) |
| AND | ) COMPLAINT FOR VIOLATION OF |
| | ) CIVIL RIGHTS AND OTHER RELIEF |
| JEFFREY J. PROSSER, | ) |
| | ) **JURY TRIAL DEMANDED** |
| AND | ) |
| | ) |
| DAWN E. PROSSER, | ) |
| | ) |
| PLAINTIFFS, | ) |
| | ) |
| v. | ) |
| | ) |
| CHRISTIE'S, INC., | ) |
| | ) |
| AND | ) |
| | ) |
| WILLIAM H. STASSEN, | ) |
| | ) |
| AND | ) |
| | ) |
| DAVID MARSHALL NISSMAN | ) |
| | ) |
| AND | ) |
| | ) |
| YANN GERON, | ) |
| | ) |
| AND | ) |
| | ) |
| CHARLES ANTIN | ) |
| | ) |
| AND | ) |
| | ) |
| CERTAIN UN-NAMED CO- | ) |
| CONSPIRATORS | |
| | |
| DEFENDANTS. | |
| _____/ | |

## COMPLAINT

**COME NOW** Plaintiffs, Oakland Benta ("Benta"), Jeffrey J. Prosser ("J. Prosser") and Dawn E. Prosser ("D. Prosser") (J. Prosser and D. Prosser are hereinafter referred to collectively as "Prossers"), by and through undersigned counsel, and file their Complaint against Defendants Yann Geron ("Geron"), William H. Stassen ("Stassen"),  David Marshall Nissman ("Nissman"), Christie's, Inc. ("Christie's") and Charles Antin ("Antin") and Certain Unnamed Co-conspirators (Co-Conspirators") and allege the following:

**JURISDICTION**:

1. This Court has jurisdiction under 28 U.S.C. §1331 (federal question) and §1343 (civil rights) and 42 U.S.C. §1985 (conspiracy to interfere with civil rights) and §1983 (civil action for deprivation of rights) as applied to the U.S. Virgin Islands pursuant to 48 U.S.C. §1561 (rights and prohibitions).

2. This is an action for damages to redress the violation of the Plaintiff, Oakland Benta's, 1st Amendment rights of free speech and association and all the Plaintiffs' 14th Amendment rights of due process and equal protection. Further, this is an action for civil conspiracy of two or more persons in the territory of the United States Virgin Islands to injure Plaintiffs by interfering with Benta as a material witness for the Prossers in an ongoing police investigation and federal court litigation. Additionally, this is an action for attempted destruction of Mrs. Prosser's property and defamation of Plaintiff Benta's character.

3. Plaintiffs' damages are in excess of $75,000, exclusive of punitive damages.

**PARTIES**:

4.  Oakland Benta is and has been a resident of St. Croix, U.S. Virgin Islands at all times material to this Complaint and an employee of the defendant, government of the Virgin Islands, referred to hereinafter as "Government."

5.  Prossers are and at all times material herein have been husband-and-wife, and are and have been residents of St. Croix, U.S. Virgin Islands at all times material to this Complaint.

6.  Defendant Yann Geron is an attorney in the employ of Fox Rothschild, LLP and at all times material to this Complaint has been a resident of the State of New York.

7.  Defendant William H. Stassen is an attorney in the employ of Fox Rothschild, LLP and at all times material to this Complaint has been a resident of the State of Pennsylvania.

8.  Defendant David Marshall Nissman is an attorney and at all times material to this Complaint has been a resident of St. Croix, United States Virgin Islands

9.  Defendant Christie's is and at all times material to this Complaint has been a corporation licensed to do business in and having its principal place of business in the State of New York.

10. Defendant Charles Antin is an employee of Christie's, Inc., and at all times material to this complaint has been a resident of the State of New York.

11. Defendants, certain un-named Co-conspirators, are presently unidentified and their respective states of residence are undetermined.

**PLAINTIFFS' MATERIAL WITNESSIN A FEDERAL COURT CASE, OAKLAND BENTA:**

12. On or about June 2008, Darryl Dean Donohue, Sr., the now Presiding Judge of the Superior Court of the Virgin Islands, Division of St. Croix, ("Presiding Judge Donohue")

administered Oakland Benta, the oath of office as a police officer of the U.S. Virgin Islands.

13. At all times material herein, Oakland Benta has been an employee of the Government of the United States Virgin Islands. as defined in V.I. Code Ann. tit. 3, § 530 (a) (2) (C) and V.I. Code Ann. tit. 3, § 451.

14. On or about June 2008, James H. McCall, then Police Commissioner of the Virgin Islands Police Department, appointed Oakland Benta to the position of "Acting District Police Chief-St. Croix" of the St. Croix Police Department.

15. On or about June 2008, Oakland Benta accepted the position of "Acting District Police Chief-St. Croix."

16. On or about January 30, 2009, James H. McCall, then Police Commissioner of the Virgin Islands Police Department, appointed Oakland Benta to the position of "District Police Chief-St. Croix."

17. On or about February 10, 2009, Oakland Benta accepted the position of "District Police Chief-St. Croix."

18. On or about February 2012, Oakland Benta was appointed to the position of "Training Director, Training Bureau" of the Virgin Islands Police Department.

19. On or about February 14, 2012, Oakland Benta accepted the position of "Training Director, Training Bureau" of the Virgin Islands Police Department.

20. At all times material herein, Oakland Benta has been a "Sworn Police Officer" of the Virgin Islands Police Department.

21. At all times material herein, Oakland Benta has been a *career service* employee of the Government of the Virgin Islands.

22. At all times material herein, Oakland Benta has had and continues to have a property interest in continued employment with the Government of the Virgin Islands.

**FACTUAL BACKGROUND OF UNDERLYING INCIDENTS RESULTING IN INTIMIDATION OF PROSSERS' WITNESS AND INTERFERENCE WITH PLAINTIFFS' EFFECTIVE PRESENTATION IN A FEDEARL COURT ACTION, ATTEMPTED DESTRUCTION OF PROPERTY, DEFAMATION AND INTERFERENCE WITH PLAINTIFF BENTA'S CONSTITUTIONAL RIGHTS OF FREE SPEECH AND ASSOCIATION**

23. On July 29, 2011, Oakland Benta, was present at the residence of Mr. and Mrs. Jeffrey J. Prosser at #5-10 Estate Shoys, St. Croix, U.S.V.I (the "Prosser Residence.")

24. On July 29, 2011, Oakland Benta was at the Prosser residence for purposes of allowing representatives of Christie's, Inc. to enter the Prosser Residence wine storage area to package, take possession of, and remove all wines then stored in that area.

25. Christie's, Inc. had been engaged by James P. Carroll, the court-appointed Trustee of the Chapter 7 Estate of Jeffrey J. Prosser (Mr. Carroll is hereinafter referred to as the "Chapter 7 Trustee"); per agreement between the Chapter 7 Trustee and representatives of Mr. and Mrs. Prosser, July 29, 2011 at 9 am, was the agreed-upon date and time at which the Chapter 7 Trustee or his agents would be allowed access to the Prosser Residence for purposes of taking possession of wine stored at that location.

26. The Chapter 7 Trustee had been authorized by court order to *remove* the wines from the Prosser Residence; there was no provision for removal conditioned on satisfactory on-site inspection of the wines.

5

27. At all times material to this complaint Christie's, Inc. and its employees, including but not limited to defendant Antin, have been the Chapter 7 Trustee's agents.

28. On July 29, 2011, at approximately 9:15 a.m., employees of Christie's, Inc., including but not limited to defendant Antin, arrived at the Prosser Residence as previously agreed.

29. Shortly after 10:30 a.m., the Christie's employees informed Oakland Benta that they were leaving the Prosser residence and not taking possession of the wine.

30. After the Christie's employees, including defendant Antin, departed the Prosser residence, Oakland Benta, with the assistance of Mr. Laurie Williams, a St. Croix resident who arrived at the Prosser residence as the Christies' employees were departing, inspected the wine storage area and found that the window air conditioning unit therein was unplugged. See, Affidavit of Oakland Benta dated August 29, 2011, a true and accurate copy of which is attached hereto and made a part hereof as Exhibit 1. The facts and circumstances of July 29, 2011 as detailed in the August 29, 2011 Affidavit of Oakland Benta are hereinafter referred to as the "**July 29, 2011 Incident**."

31. Christie's was only authorized to enter the Prosser residence for the purpose of packing and removing the wines from the Prosser residence; they had no authority to inspect and accept or reject the wines.

32. After the July 29, 2011 incident, defendants Antin and Christie's publicly declared the wines at the Prosser residence "ruined," when in fact all they had ascertained was that in their opinion the wines were not suitable for marketing by Christie's.

33. After review, and believing that one or more crimes may have been committed by Christie's employees, including but not limited to the attempted destruction of Mrs.

6

Prossers property by unplugging and air conditioner in the wine storage area, Oakland Benta on September 3, 2011, reported the July 29, 2011 Incident to the Virgin Islands Police Department. A true and accurate copy of the three-page Offense Report, being Report No. 11A09012, is attached hereto and made a part hereof as Exhibit 2.

34. On September 9, 2011, defendant Geron while acting as an officer of the United States District Court represented on the record to the United States District Court for the Virgin Islands, Division of St. Thomas and St. John, Bankruptcy Division ("United States Virgin Islands Bankruptcy Court"), that with reference to the representations including but not limited to the allegation that the Chapter 7 Trustee's agent had unplugged an air conditioner in the wine storage area at the Prosser residence as set forth in the August 29, 2011 Affidavit of Oakland Benta: "We have assured ourselves *by discussing this with Christie's* that the allegation certainly insofar as the trustee is concerned are wholly untrue and that will prove itself up in connection with the hearings that are currently set up." (Emphasis added.)

35. Any representation by Christie's to the Chapter 7 Trustee or his attorneys that Oakland Benta's Affidavit was false was itself false and misleading and made for the sole and express purpose of discrediting Mr. and Mrs. Prosser's witness, Oakland Benta, discrediting the Prossers, and interfering with Mr. and Mrs. Prossers ability to present their case to the federal court.

36. After Oakland Benta filed his incident report on September 3, 2011, and based on the bona-fide belief that one or more crimes may have been committed, Ofc. Cuthbert Cyril

in his capacity as a Police Officer of the U.S. Virgin Islands Police Department, continued to investigate the July 29, 2011 Incident.

37. In furtherance of the July 29, 2011 Incident investigation, two (2) "Forthwith" Subpoenas, each dated September 27, 2011, were issued by the Virgin Islands Office of the Atty. Gen. to employees of the Wine Department of Christie's, Inc. True and accurate copies of the two (2) subpoenas issued by the Virgin Islands Office of the Atty. Gen. to the employees of the Wine Department of Christie's Inc. are attached hereto and made a part hereof as Exhibit 3.

38. On October 10, 2011, U. S. Virgin Islands Police Department Report No. 11A09012 was supplemented with additional reports of information concerning the July 29, 2011 incident and request was made by Ofc. Cyril for the case to be left open pending further investigation, specifically, contact with the Christie's "inspectors." A true and accurate copy of the October 10, 2011 Supplement to U.S. Virgin Islands Police Department Report No. 11A09012 is attached hereto and made a part hereof as Exhibit 4.

39. On November 3, 2011, Police Officer Cuthbert Cyril issued a correspondence to Mrs. Prosser detailing for her the status of the ongoing criminal investigation of the July 29, 2011 Incident and requesting her assistance in obtain contact information for the Chapter 7 Trustee, Mr. James Carroll.. A true and accurate copy of Ofc. Cuthbert Cyril's November 3, 2011, correspondence is attached hereto and made a part hereof as Exhibit 5.

40. On November 3, 2011, Exhibit 5 hereto was read into the record during proceedings in Mr. Prosser's Chapter 7 Bankruptcy case.

41. On November 21, 2011, the Virgin Islands Atty. Gen. issued a "Forthwith" subpoena to the Chapter 7 Trustee James Carroll for him to appear and give testimony regarding the July 29, 2011 Incident (the "November 21, 2011 Forthwith Subpoena.")

42. Rather than co-operate with the police investigation of the July 29, 2011 Incident, and despite Mr. Stassen' actual knowledge that Ofc. Cyril was conducting a criminal investigation of the July 29, 2011 Incident, on Dec. 5, 2011, Mr. Carroll, through Mr. Stassen moved to quash the November 21, 2011 Forthwith Subpoena. As represented by Mr. Stassen to the Federal Court:

"Simply put, there is no "crime" being investigated in the Virgin Island to which the Trustee may testify or provide information. Nor is there any evidence or a good faith basis to assert that any crime was committed or is being investigated related to the Trustee, in connection with the dissipation of the estate's Wines stored at the Shoys Home."

"To be clear, it is not apparent that the VIPD is aware of or sanctions the so-called "investigation" that is being conducted by a police officer in the police training bureau who works with Mr. Benta, Mr. Prosser's agent."

"The Trustee also has reason to believe that Mr. Benta, who was directly involved with the Wines at the Shoys Home, had a hand in the issuance of the Subpoena. These egregious circumstances indicate **a concerted effort by the Prossers and their agent, Mr. Benta, to manipulate local law enforcement** and interfere with this Court's jurisdiction and the mandate of a federally-appointed chapter 7 trustee. The situation requires this Court's immediate intervention." Emphasis added.

43. On December 8, 2011, Carol Thomas-Jacobs, Assistant Attorney General, of the Virgin Islands Department of Justice, as a witness presented by defendant William Stassen on behalf of the Chapter 7 Trustee, despite the issuance of three forthwith subpoenas by the Virgin Islands Atty. Gen., signed by Asst. A.G. Charlotte Poole Davis  , represented to

the United States Virgin Islands Bankruptcy Court that the Virgin Islands Atty. Gen.'s office had *no knowledge* of a criminal investigation of the July 29, 2011 incident.

44. At the time defendant Stassen proffered the testimony of Carol Thomas-Jacobs as aforesaid, and at the time Mr. Stassen made the representations to the Court as detailed in ¶ 45 above, based upon Mr. Stassen's' personal conversation with Ms. Davis wherein she confirmed that she issued the Forthwith subpoenas, defendant Stassen had personal knowledge that the Virgin Islands Atty. Gen.'s office had issued subpoenas in furtherance of the criminal investigation being conducted by the Virgin Islands Police Department.

45. On December 9, 2011, based upon contact by defendant William Stassen, Police Officer Cuthbert Cyril filed an additional Supplement to. U.S. Virgin Islands Police Department Report No. 11A09012. A true and accurate copy of Ofc. Cuthbert Cyril's December 9, 2011 Supplement to U.S. Virgin Islands Police Department Report No. 11A09012 is attached hereto and made a part hereof as Exhibit 6.

46. On December 12, 2011, during a break in the deposition of Jeffrey J. Prosser relative to the July 29, 2011 Incident, being taken by defendant Stassen, in his capacity as attorney for the Chapter 7 Trustee, and while Mr. Prosser's attorney was on the phone with Oakland Benta, Mr. Stassen stated to Mr. Prosser in direct reference to Oakland Benta that "your *little friend* [Plaintiff Benta] has gotten himself into trouble he cannot get out of." (Explanation added.) A true and accurate copy of Mr. Prosser's Affidavit in verification of this conversation is attached hereto and made a part hereof as Exhibit 7.

47. On December 13, 2011, based upon contact by attorney Steven Glaser on behalf of Charles Antin and Robin O'Connor, the two employees of the Christie's, Inc. Wine

Department previously subpoenaed, wherein Mr. Glaser questioned Officer Cyril about Oakland Benta and represented that he, Mr. Glaser, would not allow either Mr. Antin or Mr. O'Connor to be interviewed based upon an alleged agreement whereby officer Cuthbert was to speak with the Virgin Islands Atty. Gen.'s office and obtain an agreement Mr. Glaser's clients, Christie's and its employees, would not be prosecuted and would get immunity, an Agreement which officer Cyril denied, Police Officer Cuthbert Cyril filed an additional Supplement to. U.S. Virgin Islands Police Department Report No. 11A09012. A true and accurate copy of Ofc. Cuthbert Cyril's December 13, 2011 Supplement to U.S. Virgin Islands Police Department Report No. 11A09012 is attached hereto and made a part hereof as Exhibit 8.

48. As of December 13, 2011, per the statement of Ofc. Cuthbert Cyril, Exhibit 8 hereto, the July 29, 2011 incident was still under investigation although Ofc. Cyril's efforts were at a standstill based upon Christie's noncooperation and Ofc. Cyril requested the case be referred to the Criminal Investigation Bureau for further investigation.

49. During the deposition of Charles Antin taken December 18, 2011, Mr. Antin **_admitted_** that on July 29, 2011, while at the Prosser Residence he instructed his colleague from Christies', Inc., Mr. Mike Moser, to unplug the air conditioner in the wine area at the Prosser Residence and that, pursuant to Mr. Antin's instruction. Mr. Moser did unplug the air conditioner in the wine area at the Prosser residence.

50. Contrary to the statements of Charles Antin, but per the deposition testimony of Daniel Lawrence, President of Caribbean Cooling Company, taken December 17, 2011, the air conditioning unit which was unplugged by the Christies' employee on July 29, 2011, was

maintained on a quarterly maintenance schedule and was operational when inspected by Mr. Lawrence on July 30, 2011.

51. Based on the Deposition of Charles Antin the allegation of Oakland Benta in his August 29, 2011 Affidavit that an employee of Christies' unplugged the air conditioner in the Prosser Wine Storage area on July 29, 2011 is verified as accurate.

52. Based on the Deposition of Daniel Lawrence the allegation of Oakland Benta in his August 29, 2011 Affidavit that the air conditioner unit in the Prosser Wine Storage area which was unplugged by the Christies' employee on July 29, 2011 was operational before it was unplugged has been verified as accurate.

53. On or about December 2011, Oakland Benta was approached by defendant David Nissman who suggested Oakland Benta cause the termination of the investigation of the July 29, 2011 Incident.

54. On or about December 2011, Oakland Benta was approached by FBI Agent Ronald Ryniack who suggested Plaintiff Benta cause the termination of the investigation of the July 29, 2011 Incident.

55. Defendant Nissman in conjunction with one or more persons conspired to and did interfere with Oakland Benta's performance of his duties as a Virgin Islands Police Officer and as a witness for Mr. and Mrs. Prosser in their federal court case.

56. On information and belief, defendant Nissman was working in conjunction with and/or on the instruction of defendant Stassen and/or defendant Geron in his interfering with Mr. Benta's official duties and his willingness to testify as a witness for Mr. and Mrs. Prosser in their Federal Court case.

12

57. Oakland Benta refused to interfere in an ongoing police investigation as suggested by FBI Agent Ryniack and Attorney Nissman.

58. Police Officer Benta offered to take a lie detector examination regarding the July 29, 2011 Incident, which offer was not accepted.

59. Police Officer Benta immediately requested an internal affairs investigation into the actions of FBI Agent Ryniack, the conclusion of which is unknown..

60. On December 27, 2011, the Virgin Islands Police Department, Office of the Commissioner, government of the Virgin Islands of the United States, under the signature of Henry W. White, Jr., Acting Police Commissioner, issued a correspondence to plaintiff Benta (hereinafter referred to as the "Acting Commissioner's December 27, 2011 Correspondence") indicating that a recommendation for his termination have been submitted to the Governor's office regarding his "actions of July 29, 2011 which led to an investigation of the alleged criminal act at the Estate Shoys home of Jeffrey Prosser." A true and accurate copy of Acting Commissioner White's December 27, 2011 Correspondence is attached hereto and made a part hereof as Exhibit 9.

61. Contemporaneous with the issuance of Acting Commissioner White's December 27, 2011 correspondence, Exhibit 9 hereto, Acting Commissioner White also issued a "Directive" (hereinafter referred to as the "**Acting Commissioner's Directive**") notifying Oakland Benta that he was "immediately placed on administrative leave without pay pending the results of an investigation into your involvement in an incident which occurred on or about July 29, 2011 in Estate Shoys, St. Croix." Further, Oakland Benta was instructed to "immediately surrender and relinquish all Department equipment,

13

all issued firearms you have in your possession, vehicles, issued VIPD employee

identification cards, and any and all keys to the Training Bureaus Facilities & Offices to

the Office of the Police Commissioner." Additionally, Oakland Benta was instructed to

"not to enter the offices of the Training Bureau located in Gallows Bay, Estate Welcome,

St. Croix for the training Bureau located in Sub Base, St. Thomas," without advanced

notice. Mr. Benta was admonished that failure to abide by Acting Commissioner White's

Directive would subject him to "further disciplinary sanctions" and that he was to "report

to the Office of the Police Commissioner every Tuesday at 10 a.m. until further notice."

A true and accurate copy of the Acting Commissioner's Directive is attached hereto and

made a part hereof as Exhibit 10.

62. Oakland Benta immediately complied with the requirements of the Acting

Commissioner's Directive.

63. As a consequence of the Acting Commissioner's December 27, 2011 and the Acting

Commissioner's Directive, Oakland Benta was suspended without pay effective

December 27, 2011.

64. The allegations of violations set forth in the Acting Commissioner's December 27, 2011

Correspondence are false and misleading.

65. The allegations of violations set forth in the Acting Commissioner's December 27, 2011

Correspondence were politically motivated.

66. The allegations of violations set forth in the Acting Commissioner's December 27, 2011

Correspondence were issued for the purpose of injuring Oakland Benta while he was

engaged in and on account of his lawful discharge of duties as a Police Officer of the

United States Virgin Islands and interfering with Oakland Benta as a witness for Mr. and Mrs. Prosser in ongoing proceedings before a federal court.

67. On information and belief the actions of the Virgin Islands Government as set forth in ¶¶s 63-69 above were instigated at the insistence of defendants Stassen and/or Geron acting through defendant Nissman.

68. On information and belief, defendants Stassen and/or Geron instructed and/or condoned defendant Nissman's improper influence of the Virgin Islands Police Department causing it to file false charges against and wrongfully suspend Oakland Benta as a Virgin Islands Police Officer.

69. Defendants Stassen and/or Geron and/or Nissman's actions as detailed hereinabove were undertaken for the express purpose of interferring with Oakland Benta's  lawful discharge of his duties as a Police Officer of the United States Virgin Islands, and interfering with Oakland Benta as a witness for Mr. and Mrs. Prosser in ongoing proceedings before a federal court.

70. In addition to defendant Geron's September 9, 2011, representation to the Virgin Islands Bankruptcy Court that *based upon discussions with Christie's*, Oakland Benta's sworn representations concerning the July 29, 2011 incident were "wholly untrue," defendant Geron further falsely and without good faith basis on September 9, 2011, stated with reference to Oakland Benta's affidavit regarding the July 29, 2011 incident, as a fact to the Virgin Islands Bankruptcy Court that: "We have one affidavit by ***Chief Benta who as I said is on Mr. Prosser's payroll.***"

71. The September 9, 2011 representation by defendant Geron that Chief Benta "is on Mr. Prosser's payroll" is false and was submitted to the Court for the sole and express purpose of intimidating and defaming and discrediting Oakland Benta personally, and as a witness for Mr. and Mrs. Prosser thereby interfering with Mr. and Mrs. Prosser's ability to present their case to the federal court.

72. Defendant Charles Antin denied as of December 2011 discussing with Mr. Geron or any other attorney for the Chapter 7 Trustee the events of July 29, 2011.

73. Defendant Antin's December 2011 denial of any discussions with Mr. Geron or any other attorney for the Chapter 7 Trustee concerning the events of July 29, 2011, directly contradict Mr. Geron's September 9, 2011, representation to the federal court that through discussions with Christie's the Chapter 7 Trustee and his counsel ("We") were assured that Oakland Benta's affidavit was false.

74. The Chapter 7 Trustee represented under oath and in the presence of defendant Stassen that as of December 2011 he had not sought to confirm the accuracy of Oakland Benta's affidavit concerning the July 29, 2011 incident.

75. The Chapter 7 Trustee's representation under oath that as of December 2011 made in the presence of defendant Stassen that he had not sought to confirm the accuracy of Oakland Benta's affidavit concerning the July 29, 2011 incident directly contradicts Mr. Geron's September 9, 2011 representation to the federal court that through discussions with Christie's the Chapter 7 Trustee and his counsel ("We") were assured that Oakland Benta's affidavit was false.

76. The testimony in December 8, 2011, submitted by defendant Stassen through witness Carol Thomas-Jacobs was false and misleading.

77. On December 8, 2011, defendant Stassen while an officer of the court and without a good faith basis for his representations, represented to the Virgin Islands Bankruptcy Court that there was no good faith basis for the allegations in Oakland Benta's affidavit or the representation that there was an ongoing investigation by the Virgin Islands Police Department of the July 29, 2011 incident.

78. As a direct and proximate result of the actions of defendants Geron, Stassen, Christie's, Nissman, Antin and other unnamed co-conspirators, the Virgin Islands Bankruptcy Court was falsely and wrongfully convinced that there was no ongoing criminal investigation into the July 29, 2011 incident.

79. When finally confronted under oath in December 2011 concerning the July 29, 2011 incident, defendant Antin first denied unplugging the air-conditioner in the Prosser's wine room but then admitted after further questioning that he had instructed his associate to unplug the air conditioner and his associate followed his instructions.

80. As a direct and proximate result of the actions of defendants Geron, Stassen, Christie's, Nissman and other unnamed co-conspirators the Virgin Islands investigation of the July 29, 2011 incident, on information and belief, was wrongfully and prematurely terminated.

81. In 2013 Oakland Benta, after verdict was entered in the federal court case against Mr. and Mrs. Prosser in which Oakland Benta was to be a material witness, Oakland Benta was reinstated as a Virgin Islands police officer and the false charges against him withdrawn by the Virgin Islands Government.

**COUNT I**
**VIOLATION OF CONSTITUTIONAL AND CIVIL RIGHTS**
**(First Amendment, 42 U.S.C. § 1985 (1) & (2), Defamation)**
**Oakland Benta**

82. Plaintiffs repeat and reiterate each and every allegation set forth in paragraphs 1 through 82 of this Complaint as if fully rewritten herein.

83. Defendants, jointly and/or individually and/or in conspiracy with others as aforesaid, have, by and through their actions intentionally deprived Plaintiff Benta of his constitutional rights to free association and public speech by causing his termination from his position as a Virgin Islands Police Officer for no just cause. Such actions are tantamount to a common plan of design by the Defendants, and those working in concert with them to deprive Plaintiff Benta of his statutory and constitutional rights as a United States citizen.

84. The actions of defendants Geron, Stassen, Nissman, Christie's, and Antin individually, and in conspiracy with each other and/or other unnamed co-conspirators as aforesaid, has injured Oakland Benta while he was engaged in and on account of his lawful discharge of duties as a Police Officer of the United States Virgin Islands in violation of 42 U.S.C. § 1985 (1) (Prohibition on Preventing Officer from Performing Duties).

85. The actions of defendants Geron, Stassen, Nissman, Christie's, and Antin individually, and in conspiracy with each other and/or other unnamed co-conspirators as aforesaid, were undertaken for the purpose of deterring Oakland Benta through intimidation, from testifying freely as a witness in an ongoing court proceeding on behalf of both Mr. and Mrs. Prosser in violation of 42 U.S.C. § 1985 (2) (Obstructing Justice; Intimidating Party, Witness, or Juror).

86. The actions of defendants Geron, Stassen, Nissman, Christie's, and Antin individually, and in conspiracy with each other and/or other unnamed co-conspirators as aforesaid, were undertaken for the purpose of defaming Plaintiff Benta and wrongfully and prematurely terminating the Virgin Islands investigation of the July 29, 2011, incident, the results of which, had it been allowed to go forward would have established the wrongful and criminal conduct of Christie's in attempting to destroy Mrs. Prosser's property, vindicating Mr. Benta as a truthful witness on behalf of both Mr. and Mrs. Prosser and would have assisted in the effective presentation of Mr. and Mrs. Prosser's case in the Virgin Islands Bankruptcy Court.

87. As a direct and proximate result of the actions of defendants as aforesaid, Plaintiff Benta has suffered loss of employment, public embarrassment and humiliation in both his personal and professional life, pain and suffering all of which is reasonably anticipated to continue indefinitely into the future.

88. The actions of defendants Geron, Stassen, Nissman, Christie's, and Antin individually, and in conspiracy with each other and/or other unnamed co-conspirators as aforesaid, were undertaken with the actual intent to injure Plaintiff Benta and with such malice as entitles Plaintiff Benta to an award of punitive damages and attorney fees.

**COUNT II**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**Oakland Benta**

89. Plaintiffs repeat and reiterate each and every allegation set forth in paragraphs 1 through 88 hereinabove as if fully rewritten herein.

90. Plaintiff Benta states that Defendants' actions as aforesaid have affected him to such an extent that it appears that Defendants' express intent was to inflict harm upon Plaintiff Benta and that such actions have in fact caused harm Plaintiff Benta.

91. As a direct and proximate result of Defendants' actions as aforesaid, Plaintiff Benta has suffered emotional distress and harm all to his detriment, which in turn has caused him past and present economic loss and pecuniary injury all of which is reasonably anticipated to continue indefinitely into the future. All damages alleged herein are within the jurisdictional limits of this Court.

## COUNT III
## VIOLATION OF CONSTITUTIONAL AND CIVIL RIGHTS
### (42 U.S.C. § 1985 (1) & (2))
### Jeffrey J. Prosser and Dawn E. Prosser

92. Plaintiffs repeat and reiterate each and every allegation set forth in paragraphs 1 through 91 of this Complaint as if fully rewritten herein.

93. The actions of defendants Geron, Stassen, Nissman, Christie's, and Antin individually, and in conspiracy with each other and/or other unnamed co-conspirators as aforesaid, were undertaken for the purpose of deterring Oakland Benta through intimidation, from testifying freely as a witness in an ongoing court proceeding on behalf of both Mr. and Mrs. Prosser in violation of 42 U.S.C. § 1985 (2) (Obstructing Justice; Intimidating Party, Witness, or Juror).

94. The actions of defendants Geron, Stassen, Nissman, Christie's, and Antin individually, and in conspiracy with each other and/or other unnamed co-conspirators as aforesaid, were undertaken with the actual intent to injure Jeffrey J. Prosser and Dawn E. Prosser

20

and with such malice as entitle Mr. Prosser and Mrs. Prosser each independently to an award of punitive damages and attorney fees.

**COUNT IV**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**Jeffrey J. Prosser and Dawn E. Prosser**

95. Plaintiffs repeat and reiterate each and every allegation set forth in paragraphs 1 through 94 hereinabove as if fully rewritten herein.

96. Plaintiffs, Jeffrey J. Prosser and Dawn E. Prosser, state that Defendants' actions as aforesaid have affected them to such an extent that it appears that Defendants' express intent was to inflict harm upon both Jeffrey J. Prosser and Dawn E. Prosser individually and as husband and wife and that such actions have in fact caused harm to each of them individually and as husband and wife.

97. As a direct and proximate result of Defendants' actions as aforesaid, Plaintiffs Jeffrey J. Prosser and Dawn E. Prosser have each suffered emotional distress and harm all to their individual detriment, which in turn has caused them each past and present economic loss and pecuniary injury and all of which is reasonably anticipated to continue indefinitely into the future. All damages alleged herein are within the jurisdictional limits of this Court.

98. As a direct and proximate result of actions of the Defendants as aforesaid, Plaintiffs Jeffrey J. Prosser and Dawn E. Prosser have each been injured in that they have incurred additional attorney fees, loss of time and additional expenses in having to defend against the false representations that Plaintiff Benta's affidavit was "wholly untrue" and they

were hampered in their ability to present an effective case in federal court resulting in an award of damages against them in excess of $500,000.

**WHEREFORE**, Plaintiffs demand judgment against Defendants, jointly and/or severally as follows:

## I.  For Plaintiff Oakland Benta:

A.  That this Court declare the actions of the Defendants were in violation of Plaintiffs' constitutional and civil rights;

B.  That this Court award Plaintiff Oakland Benta his actual and compensatory damages and other consequential damages for the injuries sustained in an amount in excess of $75,000 the full extent of which will be proven at trial upon the merits hereof;

C.  That this Court award Plaintiff Benta substantial punitive damages within the jurisdictional limits as may be set by the statutes applicable to this Court;

D.  That the Defendants be ordered to pay Plaintiff Benta's reasonable attorney fees in accord with 42 U.S.C.§ 1988; and

E.  That this Court grant Plaintiff Benta such further and other relief as this Court deems just or equitable.

## II.  For Plaintiffs Jeffrey J. Prosser and Dawn Prosser

A.  That this Court declare the actions of the Defendants were in violation of Plaintiffs' constitutional and civil rights;

B.  That this Court award Plaintiffs Jeffrey J. Prosser and Dawn E. Prosser their actual and compensatory damages and other consequential damages for the injuries

sustained in an amount in excess of $75,000 the full extent of which will be proven at trial upon the merits hereof;

C.  That this Court award Plaintiffs Jeffrey J. Prosser and Dawn E. Prosser substantial punitive damages within the jurisdictional limits as may be set by the statutes applicable to this Court;

D.  That the Defendants be ordered to pay Plaintiffs Jeffrey J. Prosser's and Dawn E. Prosser's reasonable attorney fees in accord with 42 U.S.C.§ 1988; and

E.  That this Court grant Plaintiffs Jeffrey J. Prosser and Dawn E. Prosser such further and other relief as this Court deems just or equitable.

**Dated: July 29, 2013**                          **Respectfully Submitted,**

**Jeffrey B.C. Moorhead, P.C.**
/s/ *Jeffrey B.C. Moorhead*
Jeffrey B.C. Moorhead (USVI 438)
CRT Brow Building
1132 King Street, Suite #3
Christiansted, St. Croix
US Virgin Islands 00820
Telephone:    (340) 773-2539
Facsimile:    (340) 773-8659
Email:    jeffreymlaw@yahoo.com

*Attorney for Oakland Benta, Jeffrey J. Prosser and Dawn E. Prosser*


## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable herein.

**Respectfully requested,**

**Jeffrey B.C. Moorhead, P.C.**
/s/ *Jeffrey B.C. Moorhead*
Jeffrey B.C. Moorhead (USVI 438)
*Attorney for Oakland Benta, Jeffrey J. Prosser and Dawn E. Prosser*