# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

|  |  |  |
|---|---|---|
| **OAKLAND BENTA,** <br> **JEFFREY J. PROSSER, and** <br> **DAWN E. PROSSER,** <br><br> Plaintiffs, <br><br> v. <br><br> **CHRISTIE'S, INC.,** <br> **WILLIAM H. STASSEN,** <br> **YANN GERON, DAVID MARSHALL** <br> **NISSMAN, and CHARLES ANTIN,** <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 2013-0080 |

**Attorneys:**
**Jeffrey B.C. Moorhead, Esq.,**
**Yvette D. Ross-Edwards, Esq.,**
St. Croix, U.S.V.I.
    *For Plaintiffs*

**Lawrence H. Schoenbach, Esq.,**
New York, NY
    *For Plaintiff Jeffrey J. Prosser*

**Bernard C. Pattie, Esq.,**
St. Croix, U.S.V.I.
**Samuel H. Israel, Esq.,**
Philadelphia, PA
    *For Defendants Yann Geron*
    *and William Stassen*

**Gordon Rhea, Esq.,**
Mount Pleasant, SC
    *For Defendants Christie's, Inc.*
    *and David Nissman*

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on the "Emergency Motion to (I) Strike Plaintiffs' Amended Complaint and (II) Stay Proceedings pending Decision on Motion to Strike" filed by Defendants William H. Stassen and Yann Geron ("Defendants") on April 3, 2017. (Dkt. No. 59). In their Emergency Motion, Defendants argue, first, that the Amended Complaint filed by Plaintiffs on March 24, 2017 (Dkt. No. 56) should be stricken in its entirety because it exceeds the scope of the leave to amend granted by this Court in the Memorandum Opinion and Order issued on March 17, 2017, which dismissed Plaintiffs' initial Complaint, without prejudice, for lack of subject matter jurisdiction, but permitted them to "add more allegations that Defendants' actions fell outside of their official roles—*i.e.*, that they were *ultra vires*." (Dkt. No. 55 at 24). Defendants assert that "[t]he Court did not grant, nor did Plaintiffs request, leave to assert new and unrelated causes of action, such as Plaintiffs' new claims under RICO and CICO, or to add the [n]ew Defendants." (Dkt. No. 59-1 at 5). Defendants also request that the Court grant an "emergency stay of these proceedings as to all parties pending the Court's determination of Defendants' Motion to Strike," which would "allow the estate to avoid expending exorbitant sums and time litigating the Amended Complaint and the Motion for Judicial Notice" filed by Plaintiffs on March 31, 2017. (Dkt. No. 59 at 6-7).

"'The Supreme Court has recognized that district courts have broad discretion to manage their dockets, including the power to grant a stay of proceedings.'" *InterMetro Indus. Corp. v. Enovate Medical, LLC*, 2017 WL 901100, at *2 (M.D. Pa. Mar. 7, 2017) (quoting *Proctor & Gamble Co. v. Kraft Foods Glob., Inc.,* 549 F.3d 842, 848-49 (Fed. Cir. 2008)). When determining whether to grant a stay, "courts should consider (1) the length of the requested stay; (2) the 'hardship or inequity' that the movant would face in going forward with the litigation; (3) the

injury that a stay would inflict upon the non-movant; (4) whether a stay will simplify issues and promote judicial economy." *Structural Group, Inc. v. Liberty Mut. Ins. Co.,* 2008 WL 4616843, at *5 (M.D. Pa. Oct. 16, 2008) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)).

Upon consideration of these factors, the Court finds that a temporary suspension of proceedings until the Court adjudicates the pending Motion to Strike would be appropriate under the circumstances. The Court will therefore grant Defendants' Motion, in part, to the extent that they seek a temporary stay. (Dkt. No. 59).

As to the first factor, Defendants do not seek a stay for an extended time. They only seek a stay for the time it will take for full briefing on, and an adjudication of, the Motion to Strike.[1]

With regard to the second factor, the Court finds that Defendants would face significant, and possibly unnecessary, hardship if required to proceed in advance of a ruling on the Motion to Strike. The sixty-nine page Amended Complaint, as drafted, contains new causes of action, new theories of the case, and new defendants. Requiring Defendants to respond to the Amended Complaint, which may be affected by the Court's ruling on the Motion to Strike, and to respond to the Motion for Judicial Notice, which relates back to many of the claims made in the Amended Complaint, will cause Defendants to expend time and resources that may be avoided depending on the resolution of the Motion to Strike.

Third, a stay would not impose injury on Plaintiffs, as it will not unduly delay the proceedings or otherwise adversely impact any future progress of this case.

Finally, the Court finds that a stay will simplify issues and promote judicial economy in that a clear path forward will be determined by first resolving the Motion to Strike, and any

---

[1] Defendants assert that if the Motion to Strike is granted, the Motion for Judicial Notice will be rendered moot. (Dkt. No. 59-1 at 8).

3

potentially unnecessary litigation would be avoided.

In sum, the Court finds that there are "compelling reasons" for a stay in this case. *United States v. Breyer*, 41 F.3d 884, 893 (3d Cir. 1994). Accordingly, based on the foregoing, it is hereby

**ORDERED** that Defendants' "Emergency Motion to (I) Strike Plaintiffs' Amended Complaint and (II) Stay Proceedings Pending Decision on Motion to Strike" (Dkt. No. 59) is **GRANTED IN PART AND DEFERRED IN PART;** and it is further

**ORDERED** that the Emergency Motion is **GRANTED** to the extent that the Court will stay the proceedings in this case pending disposition of the Motion to Strike; and it is further

**ORDERED** that the Emergency Motion is **DEFERRED** to the extent that the Court will defer ruling on the Motion to Strike pending full briefing and consideration of the Motion by the Court; and it is further

**ORDERED** that, with the exception of briefing on, and adjudication of, the Motion to Strike, the proceedings as to all parties are **STAYED** pending further Order of the Court.

**SO ORDERED.**

April 10, 2017 _____/s/_____
WILMA A. LEWIS
Chief Judge